UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILFRED BRYANT,<br><br>Defendant. | No. 2:17-cr-00175-JAM<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |

Before the Court is Defendant Wilfred Bryant's ("Defendant") Motion for Compassionate Release pursuant 18 U.S.C. § 3582(c)(1)(A). Mot., ECF No. 50. The United States ("Government") opposes this motion. Opp'n, ECF No. 55. For the reasons set forth below the Court DENIES Defendant's motion.

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Defendant has a lengthy criminal record spanning from 1980 to 2017 that includes twelve felony convictions and ten misdemeanors. Presentence Investigation Report ("PSR"), ECF No. 44, ¶¶ 27-47. On September 17, 2019, Defendant pled guilty to one count of felon in possession of a firearm in violation of 21 U.S.C. § 841(a). Judgment, ECF No. 47. This Court sentenced him

1

1  to 80 months in prison with a term of 36 months of supervised
2  release.  Judgment, ECF No. 47.  Defendant has been serving his
3  sentence since September 2017 and is presently in custody at FCI
4  Sheridan.  Mot. at 2.  His projected release date is May 12,
5  2023, and he has served 50% of his sentence.  Mot. at 3.
6      Defendant is 58 years old and suffers from hydrocephalus
7  aqueductal stenosis (more commonly known as "water on the brain")
8  since 1989.  PSR ¶ 66.  When Defendant was incarcerated in 1989,
9  he underwent neurological surgery to relieve pressure in his
10 brain.  Id.  However, an earthquake struck during the surgery,
11 compromising some of the sterilization.  Id.  Consequently,
12 Defendant incurred an infection and underwent nine more brain
13 surgeries within 90 days.  Id.  He is not presently taking any
14 medication for this condition.  Id.  He also suffers from severe
15 asthma and was prescribed two inhalers and an inhalation powder.
16 Mot. at 2; Medical Records, ECF No. 58.
17     Defendant filed a request to be released under 18 U.S.C.
18 § 3582 on April 25, 2020 with the Warden of FCI Sheridan, stating
19 that his asthma, age, and hydrocephalus, placed him at heightened
20 risk for COVID-19 complications.  Mot., Exh. 1, ECF 50-2, at 1.
21 The Warden did not respond to Defendant's motion.  Mot. at 2.  As
22 a result, Defendant now brings this motion with this Court
23 seeking to be released for the same reasons.
24
25                         II.  OPINION
26     A.  Legal Standard
27     A court may generally "not modify a term of imprisonment
28 once it has been imposed."  18 U.S.C. § 3582(c); Dillon v.

2

United States, 560 U.S. 817, 824-25(2010). Passed in 2018, the First Step Act (FSA) modified 18 U.S.C. Section 3582 to grant federal courts such authority under certain exceptions. 18 U.S.C. § 3582(c)(1)(A). To file a motion for modification with the court, a defendant must first submit a request for release with the Bureau of Prisons ("BOP"). Id. The defendant must then exhaust administrative remedies by either (1) administratively appealing an adverse result or (2) waiting for 30 days to pass. Id. Only then may a defendant, or the Director of the BOP, file a motion for modification. Id. The Court can then modify the term of imprisonment after considering any relevant factors set forth in Section 3553(a), and if it finds, in relevant part, that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

    B.   Analysis

        1.   Exhaustion Requirement

As a threshold matter, a defendant must generally exhaust his administrative remedies before the Court can address the merits of a motion for compassionate release. See U.S. v. Kesoyan, No. 2:15-cr-00236-JAM, 2020 WL 2039028, at *2 (E.D. Cal. April 28, 2020). More than thirty days have passed since Defendant submitted his request with the Warden for compassionate release on April 35, 2020. As the Government concedes, Defendant has met the exhaustion requirement. Opp'n at 2.

///

///

        2.   <u>Extraordinary and Compelling Circumstance</u>

After a defendant has met the threshold exhaustion requirement, a court may grant the motion if it finds "extraordinary and compelling reasons warrant" a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." <u>Id.</u> Congress has not defined what constitutes as "extraordinary and compelling" other than that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t). Instead, it has delegated that responsibility to the Sentencing Commission. <u>Id.</u> Before the FSA was passed, the Commission concluded "extraordinary and compelling reasons" were limited to four scenarios. U.S.S.G. § 1B1.13. These scenarios include: (A) the medical condition of the defendant, (B) the age of the defendant, (C) family circumstances, and (D) a catchall provision. <u>Id.</u>

Subdivision (A) considers the medical condition of a Defendant as a possible extraordinary and compelling circumstance. Reply, ECF No. 116, at 3. Relevant here, under this subdivision an extraordinary and compelling reason exists if a defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." U.S.S.G. § 1B1.13(1)(A)(ii)(I). Defendant not only suffers from hydrocephalus, but his asthma and age increase his risk of COVID-19 complications. Mot. at 7. Nevertheless, the Court denies Defendant's motion because he is a danger to others.

### 3. Danger to Others

This Court may not reduce Defendant's sentence unless it finds that Defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). USSG § 1B1.13(2). Consideration of the factors under Section 3142(g) does not allow this Court to find that Defendant is not a danger. Accordingly, a sentence reduction is not warranted in this case.

Defendant has a lengthy criminal history record—including twelve felonies--spanning from 1980 to the 2017 offense he is presently serving time for. Opp'n at 10-11. Although Defendant's drug addiction is to blame for most of his criminal history, this criminal conduct and addiction are both decades long and recent. The Court shares the Government's concern that Defendant is likely to return to this conduct when he is released from prison.

## III.   ORDER

For the reasons set forth above, the Court DENIES Defendant's Motion for Compassionate Release.

IT IS SO ORDERED.

Dated: August 13, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE